CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 17, 2026

LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Eldgie D. Ketchum, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:26-cv-00259 |
| | ) | |
| Bristol VA, Police Department | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Isaac S. Pratt, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eldgie D. Ketchum, a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.  Ketchum asserts a claim arising from his arrest.  (Dkt. 1.)  He asserts that children present were traumatized by the officers' threats and usage of guns.  (*Id.*)  Ketchum submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*.  (*See* Dkts. 2, 4.)

While the court finds that Ketchum qualifies to proceed without prepayment of fees or costs, it also finds that the complaint fails to state a viable claim upon which relief could be granted.  Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I.      Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C.

§ 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face, *see Iqbal*, 556 U.S. at 678.

## II.    Analysis

Ketchum's complaint is based on the officers' alleged action during the arrest. According to the complaint, officers entered the residence "knowing kids w[ere] present[,] pointing guns[,] making threats[,] screaming at under age kids[,] [trauma]tizing them for the

rest of th[eir] lives." (Dkt. 1 at 2.)  Ketchum complains that the kids were questioned without a guardian or parent present and states that the children are now mentally unstable as a result. (*Id.*)  Ketchum seeks monetary damages and counseling for the children.

As a *pro se* litigant, Ketchum may not assert claims belonging to his children.[1]  *Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (holding that "non-attorney parents generally may not litigate the claims of their minor children in federal court").  To the extent Ketchum intended to assert a claim on his own behalf with his filing (which is not clear), the court finds that the complaint fails to state a plausible claim of entitlement to relief.  The complaint does not relate facts supporting any violation of Ketchum's rights under the United States Constitution or federal law such that liability under 42 U.S.C. § 1983 would be warranted.  It names a non-person (the Bristol Police Department) as a Defendant.  Claims under 42 U.S.C. § 1983 must be asserted against a person.  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  It also fails to identify any actions or inactions of the other named Defendant Pratt.  Liability under § 1983 is personal, meaning that a complaint must specify the individual actions or inactions of each named Defendant that give rise to relief.  Dismissal of a defendant named only in the caption of the case is appropriate when the complaint fails to include any allegations specific to that defendant.  *See Harris v. City of Virginia Beach*, 11 F. App'x 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

---

[1] The court has presumed that the children were Ketchum's, although he does not explicitly state this.  If Ketchum was not a parent or guardian of the children, he would lack standing to prosecute a claim on their behalf and the ability to represent them in federal court.

### III.    Conclusion and Order

For these reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but

**DISMISSES** the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); *see also*

§ 1915A(b)(1) (providing for same bases for dismissal).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order

to Ketchum and **CLOSE** the case.

**IT IS SO ORDERED.**

**ENTERED** this 17th day of April, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE